Bryan E. MAYNARD, Petitioner—
Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent—
Appellee.

No. 06–73464.

United States Court of Appeals,
Ninth Circuit.

Submitted May 16, 2007 *.

Filed May 25, 2007.

Bryan E. Maynard, Las Vegas, NV, pro se.

Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Laurie A. Snyder, Attorney, Eileen J. O'Connor, Esq., Francesca Ugolini Tamami, Esq., U.S. Department of Justice, Tax Division/Appellate Section, Robert R. Di Trolio, Clerk, U.S. Tax Court, Washington, DC, for Respondent–Appellee.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Bryan E. Maynard appeals pro se from the tax court's decision, entered after a bench trial, permitting the Commissioner of Internal Revenue to proceed with an action to collect Maynard's federal income tax liabilities for 1998 though 2000. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the tax court's legal conclusions de novo and its findings of fact for clear error, *Charlotte's Office Boutique v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir. 2005), and we affirm.

The tax court properly sustained the collection action based on the Forms 4340 for the years in question. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam) (holding that Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, shows that notices and assessments were properly made).

Maynard's contention that he was improperly denied a face-to-face collection due process ("CDP") hearing is unavailing. *See* 26 C.F.R. § 301.6330–1(d)(2)(A–D6) ("A CDP hearing may, but is not required to, consist of a face-to-face meeting"). Other than raising frivolous arguments, the letter Maynard submitted with his request for a CDP hearing challenged the propriety of IRS administrative procedures, which were verified by the Forms 4340 sent to him. *See Huff v. United States*, 10 F.3d 1440, 1445–46 (9th Cir. 1993) (concluding that Form 4340 provides presumptive evidence that a tax has been validly assessed); *see also* 26 C.F.R. § 301.6330–1(d)(2)(A–D7) (offering the opportunity for a face-to face conference to those taxpayers who present in their CDP hearing request relevant, non-frivolous arguments).

The tax court did not abuse its discretion in imposing sanctions against Maynard pursuant to 26 U.S.C. § 6673 where he asserted arguments squarely rejected by this court. *See Grimes v. Comm'r*, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam)

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(affirming sanctions under section 6673 where a claim is contrary to well-established legal principles.).

Maynard's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.