T.C. Memo. 2007-347

UNITED STATES TAX COURT

JUAN AND ESTHER RAMIREZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12141-06.          Filed November 26, 2007.

Juan and Esther Ramirez, pro se.

<u>Michael W. Berwind</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and penalties with respect to petitioners' Federal income tax as follows:

|  | | Penalty |
| Year | Deficiency | I.R.C. sec. 6662 |
| 2002 | $58,816 | $11,763.20 |
| 2003 | 95,217 | 19,043.40 |
| 2004 | 87,442 | 17,488.40 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

After concessions by the parties, the sole issue for decision is whether petitioners are liable for the accuracy-related penalties determined by respondent pursuant to section 6662 for substantial understatements of their Federal tax liability for the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in California at the time they filed their petition. For purposes of trial only, this case was consolidated with a related worker classification case at docket No. 12139-06.

The amounts of total tax liability that petitioners reported on their income tax returns for the years in issue and the deficiencies determined by respondent, which amounts include disallowed credits, for those years are as follows:

| Year | Tax on return | Corrected tax | Understatement |
| 2002 | $4,499 | $61,219* | $58,816 |
| 2003 | 5,769 | 100,326* | 95,217 |
| 2004 | 11,566 | 99,008 | 87,442 |

* Includes credits disallowed by respondent for this year.

Petitioners have conceded the deficiencies in tax as determined by respondent.  Petitioners understated gross receipts on their Schedule C, Profit or Loss From Business, for all the years in issue.  Petitioners have conceded that they understated gross receipts by $267,273 for 2003, which amount was nearly half of the actual gross receipts in that year.

## OPINION

Under section 6662, a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax attributable to a substantial understatement of tax.  Sec. 6662(a).  The term "substantial understatement" is defined as the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000.  Sec. 6662(d).  However, the accuracy-related penalty is not imposed with respect to any portion of the understatement as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. 438, 448-449 (2001).  The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Relevant factors include the taxpayer's efforts to assess his proper tax liability, including the taxpayer's reasonable and good faith reliance on the advice of a tax professional.  See id.

The amounts required to be reported by petitioners on their income tax returns for the years in issue and the understatements determined by respondent for those years are set forth in our findings. The amount of the understatement for each of the years in issue is more than 10 percent of the tax required to be shown and greater than $5,000, which meets the section 6662(d) definition of "substantial understatement". Thus, petitioners substantially understated their income for those years, and respondent's burden of production under section 7491(c) has been met.

Petitioner Juan Ramirez (petitioner) argued at trial that he was not aware that petitioners' income tax liability was substantially understated on their returns for the years in issue, because he simply turned over all records to his accountant and paid what she told him to pay. The return preparer was not called as a witness at trial. Even if petitioners did not review their returns for the years in issue and relied blindly on the calculations of petitioner's accountant, such course of action is not reasonable, especially in light of the substantial amounts of petitioner's gross receipts in those years, petitioner's business experience, and the large discrepancy between the tax liability reported and the tax liability actually owed. Petitioners have not met their burden of proving that they acted with reasonable cause and in

good faith with regard to their substantial understatements of tax.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.