T.C. Memo. 2007-346

UNITED STATES TAX COURT

JUAN RAMIREZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12139-06.                    Filed November 26, 2007.

Juan Ramirez, pro se.

<u>Milton B. Blouke</u> and <u>Michael W. Berwind</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination of Worker Classification
regarding petitioner's liabilities pursuant to the Federal
Insurance Contributions Act (FICA) and the Federal Unemployment
Tax Act (FUTA) for quarterly periods of 2003.  After concessions,
the issues for decision are:

(1) Whether Alfredo L. Hernandez, Carlos Ramirez, and Raul Ramirez were employees of petitioner's waterproofing business or independent contractors during 2003;

(2) whether petitioner is entitled to relief under section 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2885, as amended (Revenue Act section 530);

(3) whether petitioner is subject to the addition to tax under section 6651 for failing to file Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, and Form 941, Employer's Quarterly Federal Tax Return, for the periods in issue; and

(4) whether petitioner is subject to the addition to tax under section 6656 for failing to make deposits of FICA taxes for the periods in issue.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time he filed his petition. For purposes of trial only, this case was consolidated with a related Federal income tax case at docket No. 12141-06.

From 1999 through 2003, petitioner operated a waterproofing business as a sole proprietorship called J.R. Waterproofing.

Petitioner's business generally provided waterproofing services of decks, shower stalls, and stairways. Alfredo L. Hernandez (Hernandez), Carlos Ramirez, and Raul Ramirez (collectively, workers) all worked on a regular basis for petitioner at J.R. Waterproofing in 2003. Hernandez is petitioner's brother-in-law, Carlos Ramirez is petitioner's nephew, and Raul Ramirez is petitioner's brother. The duties of petitioner's workers generally involved picking up materials for a job at petitioner's residence and transporting them to a particular job site, cleaning and preparing the surface of a job site, cutting stucco, providing flashing, installing drains, laying burlap and fiberglass, and installing mastic and several coats of waterproof materials.

Petitioner controlled each job site, delegated responsibilities, and directed each of his worker's actions to varying degrees based on the individual worker's respective experience. Although the workers often used their own tools to perform jobs for petitioner, petitioner provided all materials for each job and reimbursed his workers for expenses incurred on the job. The materials for each job were generally picked up at petitioner's house by the workers, although petitioner also sent the workers to other locations to pick up materials, for which petitioner had already paid. Petitioner maintained three trucks for his waterproofing business in 2003, and his workers often

used the trucks to drive to various job sites and to perform their duties.  Petitioner also provided all three workers with cell phones and cell phone service in 2003.

Petitioner's workers were usually paid standard amounts on a weekly basis throughout 2003.  Raul Ramirez was paid by check, mostly in $600 and $700 amounts.  Carlos Ramirez was usually paid $500 by check.  Hernandez was usually paid by check in November and December 2003 in amounts slightly more or less than $500.  Petitioner also paid Hernandez $7,550 in cash throughout 2003.  Petitioner provided bonus checks to all three workers on December 24, 2003.  Generally, petitioner's payments to his workers were based on work performed, but he paid his workers the same basic amount weekly even when there was a lack of work in his waterproofing business in general or a lag in the amount of work required of them individually.

Petitioner employed an accountant to prepare his Federal employment tax forms and returns for 2003.  Petitioner filed Forms 1099-MISC, Miscellaneous Income, reporting nonemployee compensation payments made to his workers in 2003.  Petitioner provided the information and documents that his accountant used in preparing his returns.

OPINION

I. Employment Status

Under subtitle C of the Internal Revenue Code, an employer is obligated both to pay certain employment taxes imposed on employers and also to withhold from employees' wages certain taxes imposed on employees. Sections 3111 and 3301 impose the employer-level taxes under FICA (pertaining to Social Security) and FUTA (pertaining to unemployment), respectively, based on wages paid to employees (employment taxes). Section 3101 imposes a FICA tax at the employee level as well, which section 3102 requires the employer to collect from the employee's wages. Section 3402 requires an employer to withhold from his employee's wages the employee's share of Federal income tax, and section 3501 requires the employer to deposit amounts withheld with the Treasury of the United States. If the employer fails to withhold as required, he is liable for the amounts owed by the employee, but required to be withheld by the employer. Sec. 3403.

With regard to employment taxes, the term "employee" includes "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee". Sec. 3121(d)(2); accord sec. 3306(i). Sections 31.3121(d)-1(c)(2) and 31.3306(i)-1(b), Employment Tax Regs., define an "employer-employee relationship" as follows:

> Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished.  That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done.  In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so.  The right to discharge is also an important factor indicating that the person possessing that right is an employer.  Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place of work, to the individual who performs the services.  In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor.  * * *

See also sec. 31.3401(c)-1(b), Employment Tax Regs.

We consider the following factors in deciding whether a worker is a common law employee or an independent contractor: (1) The degree of control exercised by the principal; (2) which party invests in the work facilities used by the worker; (3) the opportunity of the worker for profit or loss; (4) whether the principal can discharge the worker; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; and (7) the relationship the parties believed they were creating.  Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 270 (2001); Weber v. Commissioner, 103 T.C. 378, 387 (1994), affd. per curiam 60 F.3d 1104 (4th Cir. 1995).  We consider all

of the facts and circumstances of each case, and no single factor is determinative. Ewens & Miller, Inc. v. Commissioner, supra at 270; Weber v. Commissioner, supra at 387.

Although not the exclusive inquiry, the degree of control exercised by the principal over the worker is the crucial test in determining the nature of a working relationship. See Clackamas Gastroenterology Associates, P.C. v. Wells, 538 U.S. 440, 448 (2003); Matthews v. Commissioner, 92 T.C. 351, 361 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990). To retain the requisite degree of control over an employee, the employer need not direct the employee's every move; it is sufficient if he has the right to do so. Weber v. Commissioner, supra at 387; see sec. 31.3401(c)-1(b), Employment Tax Regs. In this case, petitioner controlled each job site, delegated responsibilities, and directed each of his worker's actions to varying degrees based on the individual worker's respective experience. This factor denotes the existence of an employment relationship.

If a worker provides his own tools to perform a task for his principal, this may indicate that the worker is an independent contractor. See Breaux & Daigle, Inc. v. United States, 900 F.2d 49, 53 (5th Cir. 1990) (citing United States v. Silk, 331 U.S. 704, 706 (1947)). In this case, although the workers often used their own tools to perform jobs for petitioner, petitioner provided all materials for each job and reimbursed his workers

for expenses incurred on the job.  The materials for each job were generally picked up at petitioner's house by the workers, although petitioner also sent them to other locations to pick up materials, for which petitioner had already paid.  Petitioner maintained three trucks for his waterproofing business in 2003, and his workers often used the trucks to drive to various job sites and to perform their duties.  Petitioner also provided all three workers with cell phones and cell phone service in 2003. These facts show that petitioner provided the general work facilities for his workers.  This factor denotes an employment relationship.

We have held that, where a worker earns a salary and is reimbursed for any expenses, he is not in a position to increase his profit by his own actions and is not at a risk for loss.  See Weber v. Commissioner, supra at 390-391.  In this case, petitioner testified that, after netting out the cost of materials, he split the payments he received from customers for particular jobs among himself and his workers.  Petitioner has provided no documentation or testimony regarding how these calculations were made or how he kept track of amounts owed to the workers on particular jobs.  The workers were usually paid standard amounts on a weekly basis throughout 2003.  With only minor variance, Raul Ramirez was paid by check in mostly $600 and $700 amounts.  Carlos Ramirez was usually paid $500 by check.

Hernandez was paid by check in November and December 2003 in amounts slightly more or less than $500. Petitioner also paid Hernandez $7,550 in cash throughout 2003. Petitioner's payments to his workers were based on work performed generally, but he paid his workers the same basic amount weekly even when there was a lack of work in his waterproofing business in general or a lag in the amount of work required of them individually. Petitioner also provided bonus checks to all three workers on December 24, 2003. Petitioner's workers generally received the same regular payments regardless of how much money was being taken in by petitioner from his customers. This lack of an opportunity for profit or loss on the part of petitioner's workers is consistent with an employment relationship.

Petitioner maintained a substantial degree of control over his workers and the job sites in general. The most reasonable inference from the evidence is that he would have been able to hire or fire his workers at will, regardless of whether he ever exercised that right.

Petitioner's regular business was the waterproofing industry with which he and his workers were involved during 2003. Petitioner's workers were regularly employed by petitioner in 2003 and worked on petitioner's many different job sites throughout the year. Although the workers asserted at trial that they were independent contractors, their testimony on other

aspects of their working relationships with petitioner generally reveals that their practices and expectations with regard to their jobs were those of employees, not of independent contractors.

On review of the entire record and weighing of the factors discussed above, we conclude that petitioner's workers were employees during 2003.

## II. Revenue Act Section 530 Relief

Notwithstanding the existence of an employer-employee relationship, Revenue Act section 530 operates in enumerated circumstances to afford relief from employment tax liability. Revenue Act section 530 provides in relevant part:

> SEC. 530. CONTROVERSIES INVOLVING WHETHER INDIVIDUALS ARE EMPLOYEES FOR PURPOSES OF THE EMPLOYMENT TAXES.
>
> (a) Termination of Certain Employment Tax Liability.--
>
> (1) In general.--If--
>
> (A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and
>
> (B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee,
>
> then, for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.

(2) Statutory standards providing one method of satisfying the requirements of paragraph (1).-- For purposes of paragraph (1), a taxpayer shall in any case be treated as having a reasonable basis for not treating an individual as an employee for a period if the taxpayer's treatment of such individual for such period was in reasonable reliance on any of the following:

(A) judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer;

(B) a past Internal Revenue Service audit of the taxpayer in which there was no assessment attributable to the treatment (for employment tax purposes) of the individuals holding positions substantially similar to the position held by this individual; or

(C) long-standing recognized practice of a significant segment of the industry in which such individual was engaged.

Respondent does not dispute that petitioner meets the first two requirements of Revenue Act section 530(a)(1). Petitioner has never treated any of his workers as employees for Federal employment tax purposes, and he has timely filed all required returns for the periods in issue and for prior periods on a basis consistent with his treatment of the workers as independent contractors. However, respondent argues that petitioner did not have a reasonable basis for treating his workers as independent contractors instead of employees, and thus fails the third element of the Revenue Act section 530(a)(1) test.

Under Revenue Act section 530(e)(4), the burden of proof is placed on respondent if, in addition to cooperating with reasonable requests from respondent, petitioner establishes a

prima facie case that it was reasonable not to treat an individual as an employee for employment tax purposes. Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1122(a), 110 Stat. 1766 (adding subsection (e) to Revenue Act section 530). Because, as explained below, petitioner has failed to establish a prima facie case that his treatment of his workers for employment tax purposes was reasonable, respondent does not bear the burden of proof in this case.

Revenue Act section 530(a)(2) sets forth three statutory safe harbors for purposes of establishing reasonable basis. Reasonable reliance upon any of the circumstances enumerated in subparagraph (A), (B), or (C) of Revenue Act section 530(a)(2) is deemed sufficient to establish the requisite reasonable basis. With regard to Revenue Act section 530(a)(2)(A), petitioner has presented no judicial precedent, published ruling, technical advice, or letter ruling on which he relied in treating his workers as independent contractors. With regard to subparagraphs (B) and (C), petitioner has not provided evidence that there was a past employment tax audit in which his classification of the workers was not challenged, nor has he provided evidence that treating the workers as independent contractors was in accordance with a long-standing practice within the waterproofing industry. The safe havens of Revenue Act section 530(a)(2) are therefore inapplicable on the record before us. We conclude that

petitioner had no reasonable basis for failing to characterize his workers as employees.  Consequently, relief from employment tax liability is not available to petitioner under Revenue Act section 530.

III.  Additions to Tax

Respondent determined an addition to tax under section 6651(a)(1) for the periods in issue in 2003.  Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent. However, the addition to tax for failure to file is not imposed if it is shown that the failure to file did not result from willful neglect and was due to reasonable cause.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  To prove reasonable cause, the taxpayer must show that he exercised ordinary business care and prudence but nevertheless could not file the return when it was due.  See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Respondent also determined an addition to tax under section 6656 with regard to petitioner's tax liability.  Section 6656 imposes an addition to tax equal to 10 percent of the portion of an underpayment in employment tax that is required to be deposited if the failure to deposit is more than 15 days.  A taxpayer may also avoid the addition to tax under section 6656 if his failure to deposit was

due to reasonable cause and not willful neglect.  Charlotte's
Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 109 (2003),
affd. 425 F.3d 1203 (9th Cir. 2005).

Under section 7491(c), respondent has the burden of
production with regard to additions to tax and must come forward
with sufficient evidence indicating that it is appropriate to
impose an addition to tax.  Higbee v. Commissioner, 116 T.C. 438,
446 (2001).  Because it is undisputed that petitioner filed no
employment tax returns and deposited no employment taxes with the
Treasury, respondent has carried the burden of production under
section 7491(c) with regard to the additions to tax under both
section 6651 and section 6656.

Petitioner claims that he had reasonable cause for failing
to file his returns and to deposit employment taxes due because
he relied upon his tax return preparer to prepare his tax returns
properly.  However, petitioner has not established that he sought
specific advice from his return preparer regarding the legal
status of his workers for employment tax purposes or that he
provided his return preparer with all relevant information
regarding the nature of their employment.  Also, petitioner did
not call his return preparer as a witness.  Petitioner has not
established reasonable cause for his failure to file returns or
his failure to deposit, and respondent's determinations with

respect to the additions to tax under sections 6651(a)(1) and 6656 are sustained.

IV.  Conclusion

We hold that Hernandez, Carlos Ramirez, and Raul Ramirez were employees of petitioner during the periods in issue and that petitioner is not entitled to relief under Revenue Act section 530.  Accordingly, petitioner is liable for FICA and FUTA taxes for the periods in issue as determined by respondent.  We also hold that petitioner is liable for the additions to tax determined by respondent pursuant to sections 6651(a)(1) and 6656.

To reflect the foregoing,

Decision will be entered

for respondent.