**Gerry E. FREEMAN, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 07–73619.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 26, 2009.

Gerry E. Freeman, Santa Ana, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, Donald L. Korb, Esquire, Acting Chief Counsel, Richard T. Morrison, Esquire, Steven W. Parks, John Schumann, U.S. Department of Justice Tax Division/Appellate Section, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

### MEMORANDUM **

Gerry E. Freeman appeals pro se from the order of the United States Tax Court, following a bench trial, upholding a determination of federal income taxes owed for tax year 2004. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's legal conclusions and for clear error its findings of fact. *Charlotte's Office Boutique v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir.2005). We affirm.

Freeman contends that the notice of a federal tax lien for his 2004 tax obligation of $10,522.35 had been prematurely filed because the Internal Revenue Service (IRS) had failed to consider his offer in compromise to settle his 2003 and 2004 tax obligations for $2905. We disagree. The record supports the Tax Court's findings that the IRS considered Freeman's offer in compromise. *See* 26 U.S.C. § 7122 (establishing basic guidelines for officers to consider while determining whether an offer in compromise should be accepted).

The record also indicates that the IRS gave Freeman ample notice before it issued the tax lien. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993) (per curiam).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Freeman also contends that the Tax Court erred by rejecting his claim that his tax liabilities should be offset by necessary expenses consisting of his charitable donations of $471.75 per month, which he considers essential to his health and welfare. While 26 U.S.C. § 170 allows deductions for charitable contributions made to qualified organizations, *Davis v. United States*, 861 F.2d 558, 561 (9th Cir. 1988), the Tax Court did not err by concluding that these charitable contributions do not meet the "necessary expense" test during an offer in compromise under the Internal Revenue Manual. *See also In re Tuss*, 360 B.R. 684, 698 (Bankr.D.Mont.2007)(listing approved necessary expenses).

Accordingly, the Tax Court is

**AFFIRMED.**