**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHARLOTTE'S OFFICE BOUTIQUE,
INC.,

          *Petitioner-Appellant,*

        v.

COMMISSIONER OF INTERNAL
REVENUE,

          *Respondent-Appellee.*

No. 04-71325

Tax Ct. No.
5077-01

OPINION

Appeal from a Decision of the
United States Tax Court

Argued and Submitted
July 11, 2005—Seattle, Washington

Filed October 7, 2005

Before: Procter Hug, Jr., Richard A. Paez, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Callahan

13945

## COUNSEL

Petitioner-appellant was represented by Robert E. Kovacevich of Spokane, Washington.

Respondent-appellee was represented by Eileen J. O'Connor, Assistant Attorney General, Thomas J. Clark, and Regina S. Moriarty of Washington, D.C.

## OPINION

CALLAHAN, Circuit Judge:

On its face, this is an appeal by Charlotte's Office Boutique, Inc., from the Tax Court's determination that its royalty payments to Charlotte Odell, one of its two shareholders, were actually wages and that appellant was liable for employment taxes on those wages and penalties. This appeal, however, also raises a challenge to the Tax Court's jurisdiction, which was first raised before the Tax Court by the Commissioner of Internal Revenue ("Commissioner") and is asserted by both parties on appeal, with the Commissioner taking the laboring oar.

Following the trial in the Tax Court, the Commissioner filed a motion to dismiss alleging that the Tax Court lacked jurisdiction over three of the four tax years in question. Appellant joined in the motion. The Tax Court, however, denied the motion and rendered judgment in favor of the Commissioner on all the issues framed by appellant's petition for review.

Appellant filed a notice of appeal objecting to both the Tax Court's determination of jurisdiction and its rejection of appellant's challenges to the determination of taxes and penalties. In response, the Commissioner first asserts that the Tax Court lacked jurisdiction for three of the four tax years in question, and then contends that to the extent that the Tax Court retained jurisdiction, it properly determined that appellant owes taxes and penalties.

In affirming the Tax Court's opinions, we first consider the jurisdiction issue asserted by both parties, and determine that the Tax Court's jurisdiction under 26 U.S.C. § 7436(a) was not limited by the Commissioner's admission that appellant treated Mrs. Odell as an employee in years 1996 through 1998. We then address appellant's challenges to the Tax Court's determinations of liability, taxes and penalties, and conclude that none are persuasive.

I

Prior to 1976, Mrs. Odell and her then-husband did business with various United States Post Offices, selling items such as calculators, chairs and office supplies. When she divorced in 1976, her ex-husband gave her the list of their customers. Mrs. Odell explained that certain agencies had "Buy Indian Programs" and that she is a Native American. Starting in 1989, Mrs. Odell ran the business as a sole proprietorship.

In January 1995, Mrs. Odell incorporated her business as Charlotte's Office Boutique, Inc. The stock was owned equally by Mrs. Odell and her second husband, Theodore, whom she married in 1988. Mrs. Odell is appellant's president, and she and Theodore are the only directors.

In connection with the incorporation, the sole proprietorship conveyed to appellant an ownership interest in certain assets, such as bank accounts and inventory, but did not con-

vey the customer list used by the proprietorship. In August 1996, appellant and Mrs. Odell entered into three agreements effective January 1, 1995. The Tax Court explained the arrangements as follows:

> These agreements were an employment agreement, a rental agreement, and a licensing and sale agreement. Pursuant to the employment agreement, [appellant] agreed to pay $400 per month to Ms. Odell in return for her services, and Ms. Odell agreed that she would receive no employment compensation from January 1, 1995, through July 31, 1996. Pursuant to the rental agreement, [appellant] agreed to pay to Ms. Odell $600 per month to rent certain of her property. Pursuant to the licensing and sale agreement, [appellant] agreed to pay to Ms. Odell a monthly royalty fee of the larger of $200 or 5 percent of the gross receipts for all office supplies sold under the agreement. [Appellant] had resolved on February 15, 1996, to pay Ms. Odell for 1995 a royalty payment equal to 5 percent of gross receipts for the use of her existing Government contracts and her experience in obtaining Government contracts. [Appellant] also had resolved to pay Ms. Odell a salary of $400 per month.

*Charlotte's Office Boutique, Inc. v. Comm'r*, 121 T.C. 89, 93-94 (2003).

Appellant's business required minimal labor. Mrs. Odell primarily handled the day-to-day administration, such as dealing with and paying suppliers, processing customer orders and bookkeeping. She estimated that this took her a couple of hours a day. Theodore also worked for appellant a couple of hours a day, handling the shipping and the computer work, and helping to facilitate sales. He was not paid by appellant.

In all, appellant reported the following payments to Mrs. Odell:

| Year | Salary | Royalties |
|------|--------|-----------|
| 1995 | 0 | $42,048 |
| 1996 | $2,000 | $34,200 |
| 1997 | $4,800 | $51,611 |
| 1998 | $4,800 | $46,690 |

The Commissioner commenced his audit of appellant's and the Odells' tax returns in December 1997, and later expanded the audit to cover 1995 through 1998. In January 2001, the Commissioner issued a Notice of Determination Concerning Worker Classification against appellant. The first four sentences of the Notice read:

> As a result of an employment tax audit, we are sending you this NOTICE OF DETERMINATION CONCERNING WORKER CLASSIFICATION UNDER SECTION 7436. We have determined that the individual(s) listed or described on the attached schedule are to be legally classified as employees for purposes of federal employment taxes under subtitle C of the Internal Revenue Code and that you are not entitled to relief from this classification pursuant to section 530 of the Revenue Act of 1978 with respect to such individual(s). This determination could result in employment taxes being assessed against you.

> If you want to contest this determination in court, you may file a petition with the United States Tax Court for a redetermination of the above-referenced issues.

The Notice alleged that Mrs. Odell was appellant's employee for purposes of federal employment taxes, that the royalty payments were actually wages, and that appellant was liable for unreported employment taxes for 1995 through 1998, as well as statutory additions to taxes because appellant had not

withheld employment taxes on the wages.[1] The Notice also alleged that appellant had "other workers."

Appellant filed a petition in the Tax Court for a redetermination of its employment tax liabilities. Trial was held in June 2002. Following the trial, the Commissioner filed a motion to dismiss with regard to tax years 1996 through 1998. The Commissioner argued that because appellant paid Mrs. Odell a salary during this period of time, there was no actual controversy as to whether she was an employee, and accordingly, the Tax Court lacked jurisdiction under 26 U.S.C. § 7436(a).[2]

The Tax Court ruled that it had jurisdiction, that the royalty payments were wages, and affirmed the tax assessments and the additions thereto. *Charlotte's Office Boutique*, 121 T.C. at 91. The Tax Court subsequently issued an opinion holding that it had jurisdiction to redetermine additions to taxes attributable to nonpayment of employment taxes. *Charlotte's Office Boutique, Inc. v. Comm'r*, 87 T.C.M. (CCH) 998 (2004).

## II

We first consider the Commissioner's assertion that the Tax Court lacked jurisdiction for three of the four tax years involved. Such a challenge to subject-matter jurisdiction is reviewed de novo. *Estate of Branson v. Comm'r*, 264 F.3d

---

[1]The Commissioner's brief to this court explained the additions to taxes as follows:

> Section 6651 of the Internal Revenue Code imposes a penalty, not to exceed 25 percent of the tax liability required to be shown on the return, for failure to file any tax return or to pay any tax. Section 6656 of the Code imposes an additional penalty of 10 percent of the amount of the underpayment for failure to timely deposit withholding taxes.

[2]The Commissioner had conceded before the Tax Court that appellant did not have any "other workers."

904, 908 (9th Cir. 2001); *I & O Publ'g. Co., Inc. v. Comm'r*, 131 F.3d 1314, 1315 (9th Cir. 1997).

The Commissioner argues that the Tax Court lost jurisdiction over tax years 1996 through 1998 when he conceded that appellant did not have any other workers for those years and that appellant had treated Mrs. Odell as an employee in those years. In other words, the Commissioner maintains that because he and appellant agreed that Mrs. Odell was an employee for tax years 1996 through 1998, there is no controversy between the Commissioner and appellant as to Mrs. Odell's classification under 26 U.S.C. § 7436. The Commissioner argues that this lack of controversy as to Mrs. Odell's classification for 1996 through 1998 deprives the Tax Court of jurisdiction to review his determination of taxes and penalties for those years, even though appellant continues to contest those taxes and penalties.

In evaluating the Commissioner's position, we turn first to the statute at issue. Subsection (a) of § 7436 reads:

> Creation of remedy.— If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that—
>
>> (1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or
>>
>> (2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual,
>
> upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of

employment tax under such determination. Any such redetermination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.

Section 7436 was added to the Internal Revenue Code through the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, 111 Stat. 788, 1055 (1997). Before its enactment, "judicial review of IRS assessment of employment taxes or related penalties was available only if a taxpayer paid a divisible part of the assessment, filed a claim for refund, and filed a refund suit in Federal district court or the Court of Federal Claims to recover amounts paid." *Henry Randolph Consulting v. Comm'r*, 112 T.C. 1, 3 n.2 (1999). Congress determined that it would "be advantageous to taxpayers to have the option of going to the Tax Court to resolve certain disputes regarding employment status." H.R. Rep. No. 105-148, at 639 (1997); S. Rep. No. 105-33, at 304 (1997).

The Commissioner, noting that the Tax Court is a court of limited jurisdiction, argues that under § 7436, the Tax Court's jurisdiction is restricted to situations in which there is an actual controversy as to whether one or more of the taxpayer's workers are employees. The Commissioner cites the Tax Court's decision in *Henry Randolph* as supporting its interpretation of the Tax Court's narrow jurisdiction. 112 T.C. at 5.

[1] Although we agree with the Commissioner's premise — that the Tax Court is a court of limited jurisdiction — we disagree with his interpretation of the statute. First, it should be noted that the statute was amended in 2000, following the Tax Court's decision in *Henry Randolph*. H.R. Rep. No. 106-645 (2000). At the time of that decision, § 7436(a) read:

upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct.

112 T.C. at 5 (quoting 26 U.S.C. § 7436(a) (1999)). The statute now reads, in pertinent part:

> upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct *and the proper amount of employment tax under such determination.*

26 U.S.C. § 7436(a) (2005) (emphasis added). The added language indicates that Congress did not intend to limit the Tax Court's jurisdiction under § 7436 to determining only whether an individual was an employee.

[2] Second, the Commissioner's approach is contrary to the prevalent approach to subject-matter jurisdiction and the few cases in which we have considered the Tax Court's jurisdiction. Although we recognize that subject matter jurisdiction can be reviewed at any time during the course of litigation if it becomes apparent that jurisdiction may be lacking, as a general matter a federal court's subject-matter jurisdiction is determined at the time it is invoked. *Cf. Scar v. Comm'r*, 814 F.2d 1363, 1367 (9th Cir. 1987). The Commissioner, it should be noted, agrees that appellant properly invoked the Tax Court's jurisdiction by filing a timely petition from the Notice of Determination.

[3] Moreover, we noted in *Scar* with regard to a notice of deficiency that no particular form was required and that "the Commissioner need not explain how the deficiencies were determined." *Id*. The notice must, however, indicate that the Commissioner has determined the amount of the deficiency. *Id*. In this case the Notice of Determination and its attachments provided appellant with the requisite notice of the Commissioner's classification determination, the amount of taxes due and the penalties imposed.[3] *See Portillo v. Comm'r*,

---

[3]Accordingly, we reject appellant's contention that the notice was invalid.

932 F.2d 1128, 1132 (5th Cir. 1991) (explaining that the I.R.S. adequately linked the deficiency to the taxpayer by considering information directly related to the taxpayer's income tax return and investigating whether a deficiency indeed existed).

[4] The Commissioner's jurisdictional argument is contrary to our statement in *Scar* that a notice need not contain any particular explanation. The Commissioner's admission that appellant treated Mrs. Odell as an employee in tax years 1996 through 1998 is not a concession that taxes and penalties are not due. Rather, it concerns only one factor in the Commissioner's decision that additional taxes and penalties were due. It follows that as the Notice of Determination was not required to contain any particular explanation for the Commissioner's position, an admission that does not change his position on what taxes and penalties remain due cannot deprive the Tax Court of the jurisdiction it acquired when the appellant filed its petition for review of the Notice of Determination.[4]

The Tax Court followed a similar line of reasoning in concluding that it had jurisdiction. It explained:

> Generally, in the setting of employment taxes, we have jurisdiction under section 7436(a) to determine: (1) Whether an individual providing services to a person is that person's employee for purposes of Subtitle C; (2) whether the person, if in fact an employer, is entitled to relief under section 530 of the Revenue Act of 1978; and (3) the correct

---

[4]For a parallel explanation of the Tax Court's continuing jurisdiction, see Andrea K. Feirstein, Note, *Smith v. Commissioner: Unilateral Concessions by Taxpayers*, 4 Va. Tax Rev. 187, 200 (1984) (noting that a concession by the Commissioner does not reduce the Tax Court's jurisdiction because the parties' adversity is established by the notice of deficiency, but that a taxpayer's concession of liability does affect the parties' adversity).

amounts of employment taxes which relate to the Commissioner's determination concerning worker classification. *See Evans Publg. Inc. v. Commissioner*, 119 T.C. 242, 244, 2002 WL 31487842 (2002); *Henry Randolph Consulting v. Commissioner*, 112 T.C. 1, 1999 WL 10017 (1999). It is the Commissioner's determination of worker classification that provides the predicate for our jurisdiction under section 7436(a), and the ultimate merits of that determination do not affect our jurisdiction. *Neely v. Commissioner, supra* at 290 n. 8 . . . . Although respondent now concedes that determination, respondent's concession has no bearing upon our jurisdiction. *Cf. LTV Corp. v. Commissioner*, 64 T.C. 589, 1975 WL 3091 (1975) (respondent's concession of no deficiency in a year did not deprive the Court of jurisdiction over the subject matter of that year).

Our conclusion is further supported by an analogy to the applicable law underlying the issuance of a notice of deficiency. The Court may acquire jurisdiction in such a setting only when the Commissioner has determined that there is a deficiency. Secs. 6212(a), 6213(a); *see also Richards v. Commissioner*, T.C. Memo. 1997-149, affd. without published opinion 165 F.3d 917 (9th Cir. 1998). It is the determination of a deficiency, rather than the existence of a deficiency, that is dispositive as to our jurisdiction. *Hannan v. Commissioner,* 52 T.C. 787, 791, 1969 WL 1549 (1969). Thus, even when a taxpayer has made a showing that casts doubt on the validity of a determination in a notice of deficiency, the notice is generally not rendered void, but remains sufficient to vest the Court with jurisdiction. *Suarez v. Commissioner*, 58 T.C. 792, 814, 1972 WL 2560 (1972).

121 T.C. at 102-04.

We have previously held that the Tax Court has jurisdiction to consider its own jurisdiction. *Billingsley v. Comm'r*, 868 F.2d 1081, 1085 (9th Cir. 1988). We conclude that the Tax Court's reasoning in this case is consistent with, and reinforces, our determination that the Tax Court retained jurisdiction over all four tax years covered by the Notice of Determination.

[5] In advancing his position, the Commissioner does not suggest why his approach furthers the purpose of § 7436.[5] The congressional intent behind the enactment of § 7436 — to provide taxpayers with an alternate forum — could be frustrated if the Commissioner could unilaterally deprive the Tax Court of jurisdiction, after having directed the taxpayer to the Tax Court by issuing a Notice of Determination. In the absence of compelling authority in support of the Commissioner's approach, it appears that the intent behind § 7436 supports the Tax Court's retention of jurisdiction over all four tax years covered by the Notice of Determination.

The Commissioner's arguments concerning the Tax Court's jurisdiction offer no compelling authority. The Commissioner argues that his interpretation is necessary to protect the I.R.S. from a "potential for a statute of limitations whipsaw."[6] How-

---

[5]As appellant reported that it paid Mrs. Odell a salary of $400 a month in tax years 1996 through 1998, the Commissioner knew of appellant's treatment of Mrs. Odell as an employee before it filed its Notice of Determination.

[6]In its brief, the CIR states:

> If the IRS erroneously makes an assessment of employment taxes attributable to worker classification or Section 530 issues without first issuing a notice of determination (or obtaining a waiver of restrictions on assessment from taxpayer), the taxpayer is entitled to an automatic abatement of the assessment, which may not happen until after the limitations period for issuing a notice of determination has expired. Conversely, if the IRS erroneously issues a notice of determination (for example, where an employment tax shortfall did not involve a worker classification or Section 530 issue), the limitations period for assessing the liability may have expired before the IRS discovers its error.

ever real this dilemma, the Commissioner fails to explain why the preferred solution for protecting the Commissioner from making one of two erroneous decisions should be a limitation on the Tax Court's jurisdiction. At oral argument, the Commissioner's counsel suggested that because of the different periods of time for making an assessment and issuing a notice of determination, the time for making an assessment might run while the propriety of a notice of determination is being litigated in the Tax Court. This may be true, but it does not follow that restricting the Tax Court's jurisdiction would necessarily resolve that dilemma. The proposed limitation on the Tax Court's jurisdiction would provide the Commissioner a remedy only if the admission of employee status occurs before the expiration of the time for making an assessment.

One academic commentary describes a similar situation, noting:

> The statute of limitations problem arises because of current law on tolling. The IRS must mail a statutory notice within the limitations period for assessment of taxes, generally three years. Normally, the issuance of a statutory notice tolls the statute of limitations on assessment until the prohibited period ends, plus sixty days. . . . However, the Tax Court's determination that the notice was invalid means that the notice was not sufficient to allow an assessment based upon it, or even to toll the statute of limitations. There is some dispute over whether the language of Code section 6503 means that a Tax Court petition is sufficient to toll the statute, despite an invalid notice. The majority of cases hold that it is not. Since the statute is not tolled by a petition in response to an invalid notice, the limitations period may have run while the Tax Court considered the motion to dismiss.

Leandra Lederman, *"Civil"izing Tax Procedure: Applying General Federal Learning to Statutory Notices of Deficiency*,

30 U.C. Davis L. Rev. 183, 209-11 (1996). Although the described situation appears to parallel the concerns expressed by the Commissioner in this case, he has never suggested that the Notice of Determination in this case was invalid. As the statute of limitations problem set forth in the commentary only arises where a notice is determined to be invalid, and thus does not properly invoke the Tax Court's jurisdiction in the first instance, *see Scar*, 814 F.2d at 1370, there does not appear to be a similar statute of limitations issue in this case.

In addition, the Commissioner has failed to explain why his concerns cannot be addressed through means other than restricting the Tax Court's jurisdiction. For example, he fails to address such options as withdrawing a notice of deficiency and, if necessary, issuing an assessment.

Finally, we note that there is no question as to the existence of an actual case or controversy.[7] The Tax Court, cognizant of its limited jurisdiction, restricted its decision to determining the taxes and penalties that the parties disputed, and continue to dispute. The court explained:

> Respondent also argues that there was no actual controversy as to the status of Mrs. Odell as an employee of petitioner and that such a controversy is a prerequisite to our jurisdiction. While there is no actual controversy as to whether Mrs. Odell was an employee of petitioner with respect to the amounts of $400 per month which she received as wages, there is a dispute as to whether she received the disputed amounts as additional wages in her capacity as petitioner's employee.

121 T.C. at 104. The existence of a live controversy is further

---

[7]*See* Feirstein, *supra*, note 4, at 197-98 (noting that limitations imposed upon Article III courts, such as the existence of an actual case or controversy, have been presumptively applied to the Tax Court).

demonstrated by the fact that following the Tax Court's 2003 decision, appellant continued to litigate whether the Tax Court had jurisdiction to redetermine the proper amount of employment taxes and additions thereto. *Charlotte's Office Boutique*, 87 T.C.M. (CCH) at 998.

[6] In sum, we affirm the Tax Court's determination that it did not lose jurisdiction when the Commissioner conceded that Mrs. Odell was appellant's employee during the years 1996 through 1998 because (1) 26 U.S.C. § 7436(a), as amended in 2000, authorizes the Tax Court to determine both whether a person is an employee and "the proper amount of employment tax under such determination;" (2) the Commissioner's position is contrary to the prevalent approach to determining federal court jurisdiction and our prior decisions; (3) the Commissioner's approach does not further the purpose of § 7436, which is to provide taxpayers with an alternate forum; (4) the Commissioner has failed to show that the proposed restriction on the Tax Court's jurisdiction would resolve his alleged dilemma, or that he does not have other means for resolving the dilemma; and (5) the Tax Court's determination of the taxes and additions to taxes addressed an actual controversy.

III

In addition to challenging the Tax Court's jurisdiction, appellant argues that the Tax Court: (1) failed to appreciate that a person can receive payment both as an employee and in another capacity; (2) denied it due process of law; and (3) erred in affirming the Commissioner's levy of tax penalties.

"We review decisions of the United States Tax Court on the same basis as decisions of a district court in a civil bench trial." *Estate of Cartwright v. Comm'r*, 183 F.3d 1034, 1036 (9th Cir. 1999). The Tax Court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo. *See id.*; *Pahl v. Comm'r*, 150 F.3d 1124, 1127 (9th Cir. 1998).

**[7]** Appellant, citing our opinion in *Idaho Ambucare Center, Inc. v. United States*, 57 F.3d 752, 756 (9th Cir. 1995), and Revenue Ruling 58-505, 1958-2 C.B. 728, alleges that a person can receive payments both as an employee and in another capacity. The Tax Court recognized the dual-capacity doctrine, but found that in this case, the disputed amounts were paid to Mrs. Odell as wages. *Charlotte's Office Boutique*, 121 T.C. at 108. The record shows that Mrs. Odell only undertook a few discrete acts as president, such as signing certain documents, and that she overwhelmingly engaged in business activities that were designed to assist appellant in generating sales of office supplies. Accordingly, the Tax Court reasonably determined that the royalty payments were wages.

Appellant next argues that it was denied due process because the Tax Court (a) failed to rule on its motion in limine, (b) improperly questioned Mrs. Odell, (c) ordered Mrs. Odell not to discuss the case with anyone during a recess, and (d) generally displayed bias toward appellant.

We find no merit to these contentions. The Tax Court determined that the record was sufficient for it "to decide this case on its merits based on a preponderance of the evidence." *Id.* at 101. The record does not disclose any substantive harm to appellant from the Tax Court's failure to grant its motion in limine to compel the Commissioner to initially present evidence in the Tax Court. Our review of the record reveals that the Tax Court questioned Mrs. Odell in a routine and courteous manner, and that counsel offered no contemporaneous objections. The Tax Court properly cautioned Mrs. Odell against discussing this case with others during a short recess during her testimony. *See Perry v. Leeke*, 488 U.S. 272, 282 (1989) ("[I]t is simply an empirical predicate of our system of adversary rather than inquisitorial justice that cross-examination of a witness who is uncounseled between direct examination and cross-examination is more likely to lead to the discovery of truth than is cross-examination of a witness

who is given time to pause and consult with his attorney."). Moreover, our review of the record fails to disclose any bias on the part of the Tax Court against appellant.

Appellant's challenge to the imposition of penalties is also without merit. Appellant has not shown either that the Tax Court was without jurisdiction to redetermine the additions to taxes, *Charlotte's Office Boutique*, 87 T.C.M. at 998, or that the Tax Court erred in holding that Form 941 is not an information return, but a tax return, and accordingly that appellant's failure to properly file these forms gave rise to employment taxes and certain additions. *Id.* Appellant also failed to support its claim to an exception from penalties based on reasonable reliance on professional advice.[8] Appellant failed to present sufficient evidence as to what information Mrs. Odell gave to the appellant's tax advisor or what specific advice the accountant gave her.[9] Thus, the Tax Court did not err in determining that appellant had not shown that it reasonably relied on the accountant's advice.

IV

We conclude that the Tax Court properly upheld the Commissioner's determinations that appellant's royalty payments to Mrs. Odell constituted wages and the resulting taxes and penalties. We further hold, as did the Tax Court, that the

---

[8]*See Neonatology Assocs., P.A. v. Comm'r*, 115 T.C. 43, 99 (2000) ("[F]or a taxpayer to rely reasonably upon advice so as possibly to negate a section 6662(a) accuracy-related penalty determined by the Commissioner, the taxpayer must prove by a preponderance of the evidence that the taxpayer meets each requirement of the following three-prong test: (1) the adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment.").

[9]On the one specific issue that Mrs. Odell remembered, she testified that she did not understand why her salary was set at $400 a month, and that she thought her services were worth more.

Commissioner's admission during the Tax Court proceedings that appellant treated Mrs. Odell as an employee for three of the four tax years at issue did not deprive the Tax Court of jurisdiction to review the Commissioner's determination of taxes and penalties for those years. Accordingly, the Tax Court's judgment is

**AFFIRMED**.