Jan C. SHANNON, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 05–76135.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jan C. Shannon, Kailua-Kona, HI, pro se.

Robert R. Di Trolio, Clerk, U.S. Tax Court, Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Marion E.M. Erickson, Esq., Eileen J. O'Connor, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Jan C. Shannon appeals pro se from the Tax Court's decision, entered after trial, permitting the Commissioner of Internal Revenue to proceed with a collection action for tax years 1999 and 2002 related to the purchase and sale of real property. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review a Tax Court's findings of fact for clear error and its legal conclusions de novo. *Charlotte's Office Boutique, Inc. v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir.2005). We affirm.

At trial, Shannon conceded the validity of the underlying tax deficiency and did not identify any errors in the administra-

** This disposition is not appropriate for publication and may not be cited to or by the

tive hearing. Shannon maintained, as he does on appeal, that the collection action should not proceed because various third parties involved in selling the property to him perpetrated fraud. As the Tax Court noted in its decision, "Although the petitioner may have a cause of action against the previous owner, title company, and other entities, this issue is not relevant for purposes of determining whether collection may proceed." Under these circumstances, the Tax Court did not err by permitting the Commissioner to proceed with the collection action.

**AFFIRMED.**

courts of this circuit except as provided by 9th Cir. R. 36–3.

