Denis J. FARIS; Carolyn M.
Faris, Petitioners,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

No. 07–70880.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

Denis J. Faris, Portland, OR, pro se.

Carolyn M. Faris, Portland, OR, pro se.

Thomas J. Clark, Sara Ann Ketchum, Eileen J. O'Connor, U.S. Department of Justice, Lynne L. Glasser, Clerk, U.S. Tax Court, Donald L. Korb, Acting Chief Counsel, Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and
CALLAHAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Denis J. Faris and Carolyn M. Faris appeal pro se from the tax court's decision, entered after a bench trial, permitting the Commissioner of Internal Revenue to proceed with an action to collect their federal income tax liabilities for 1997 and 1998. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the tax court's legal conclusions and for clear error its findings of fact. *Charlotte's Office Boutique v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir.2005). We review for an abuse of discretion the tax court's imposition of sanctions under 26 U.S.C. § 6673. *Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir.1993). We affirm.

■ The tax court did not err in concluding that petitioners were precluded from challenging the tax liabilities for 1997 and 1998 because they had notice of the deficiencies but failed to petition the tax court for a deficiency hearing. *See* 26 U.S.C. § 6330(c)(2)(B) (permitting challenge to the underlying tax liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability").

■ Petitioners' contention that they were improperly denied a face-to-face collection due process ("CDP") hearing is unavailing. *See* 26 C.F.R. § 301.6330–1(d)(2)(A–D6) ("A CDP hearing may, but is not required to, consist of a face-to-face meeting"). Other than raising frivolous arguments, petitioners' request for a CDP hearing challenged the propriety of Internal Revenue Service administrative procedures, but these procedures were verified by the Forms 4340 sent to petitioners. *See Huff v. United States*, 10 F.3d 1440, 1445–46 (9th Cir.1993) (concluding that Form 4340 provides presumptive evidence that a tax has been validly assessed); *see*

*also* 26 C.F.R. § 301.6330–1(d)(2)(A–D7) (offering the opportunity for a face-to-face conference to those taxpayers who present in their CDP hearing request relevant, non-frivolous arguments).

■ The tax court did not abuse its discretion in imposing a $2,500 sanction on petitioners for continuing to advance frivolous arguments after they were repeatedly warned that the arguments were frivolous. *See* 26 U.S.C. § 6673(a) (providing for sanctions up to $25,000 where "the taxpayer's position in such proceeding is frivolous or groundless"); *Grimes v. Comm'r*, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam) (imposing sanctions against pro se litigant for advancing groundless arguments).

Petitioners' remaining contentions are without merit.

We deny respondent's motion for sanctions.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

