MEMORANDUM **
Jan McMaster appeals pro se from the order of the United States Tax Court denying reconsideration of its order on summary judgment upholding a determination of federal income taxes owed for tax year 2000. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court’s legal conclusions and for clear error its findings of fact. Charlotte’s Office Boutique v. Comm’r, 425 F.3d 1203, 1211 (9th Cir.2005). We affirm.
McMaster contends that he did not receive a fair and impartial 2004 collection due process (“CDP”) hearing because the IRS failed to move the hearing from Phoenix to Tucson and thus he did not attend. There was no violation of due process because “[a] CDP hearing may, but is not required to, consist of a face-to-face meeting.” 26 C.F.R. § 301.6330-l(d)(2)(A-D6).
McMaster contends that the Tax Court erred by considering evidence from the CDP proceeding, including the IRS Certificate of Assessment of taxes due and the Notice of Deficiency, as part of the administrative record. We disagree. The record indicates that the Notice of Deficiency and Certificate of Assessment were validly issued based on taxes properly assessed. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993) (per curiam) (holding that Certificate of Assessment on Form 4340 is probative evidence in and of itself and, in the absence of contrary evidence, shows that notices and assessments were properly made).
Accordingly, the Tax Court is
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.