T.C. Summary Opinion 2009-88


UNITED STATES TAX COURT


MICHELLE L. AND DUKE T. HWYNN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19862-07S.               Filed June 2, 2009.


Michelle L. Hwynn and Duke T. Hwynn, pro sese.

Michael K. Park, for respondent.


LARO, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts are rounded.

Petitioners petitioned the Court to redetermine respondent's determinations relating to their Federal income taxes for 2004 and 2005. For 2004, respondent determined a $4,038 deficiency and an $807.60 accuracy-related penalty under section 6662(a). For 2005, respondent determined a $4,890 deficiency and a $987 accuracy-related penalty under section 6662(a).

At trial, respondent amended his answer to assert an increased deficiency and accuracy-related penalty for 2004 of $5,013 and $1,002.60, respectively. Following this amendment and certain concessions, we are left to decide the following issues:

1. Whether petitioners may deduct unreimbursed employee business expenses in amounts greater than those respondent allowed. We hold they may not;

2. whether petitioners may deduct passthrough losses from their wholly owned S corporation, Appworks Consulting, Inc. (Appworks). We hold they may not except to the extent stated herein;

3. whether Duke Hwynn (Mr. Hwynn) is an independent contractor or an employee of Appworks. We hold he is an employee;

4. whether petitioners are liable for the accuracy-related penalties. We hold they are not.

## Background

### I. Preliminaries

The parties have submitted to the Court stipulations of fact with accompanying exhibits. The stipulated facts and

accompanying exhibits are incorporated herein by this reference. Petitioners are husband and wife, and they filed joint Forms 1040, U.S. Individual Income Tax Return, for 2004 and 2005. They resided in California when they petitioned the Court.

## II. Appworks

Petitioners formed Appworks, a computer consulting business, in 1996. Appworks is taxed as an S corporation, and each petitioner owns one-half of its stock. Mr. Hwynn is Appworks' president. He is the only person who performs services on its behalf, and he is Appworks' sole source of income. Michelle Hwynn, also known as Hui Lu (Ms. Hywnn), is employed full time as a registered nurse.

## III. Petitioners' 2004 Federal Income Tax Return

### A. Unreported Wages

Appworks paid Mr. Hwynn $6,500 in wages during 2004. Petitioners failed to report those wages on their 2004 Federal income tax return. The increase in deficiency asserted in the amendment to answer is attributable to respondent's allegation that the $6,500 is includable in petitioners' gross income for 2004. Petitioners agree with that allegation. We hold without further discussion that the $6,500 is includable in petitioners' gross income for 2004.

### B. Unreimbursed Business Expenses

Petitioners claimed on their 2004 return a $6,930 deduction for unreimbursed employee business expenses of Mr. Hwynn, reporting that he incurred those expenses while working as an

employee of Appworks.  Petitioners now seek to deduct an additional $16,471 of such expenses.  The specifics of these expenses are as follows:

|  | Reported Expenses | Additional Expenses |
|---|---|---|
| Vehicle | $3,750 | $6,978 |
| Parking fees and tolls | 150 | 150 |
| Business | 2,780 | 9,195 |
| Meals and entertainment | 250 | 418 |
| Total | 6,930 | 16,741 |

Petitioners elected to use the applicable standard mileage rate of 37.5 cents to report the business expenses of their vehicles and, accordingly, computed the $3,750 of vehicle expenses reported on their return by multiplying 37.5 cents by 10,000 business miles reportedly driven by Mr. Hwynn during 2004.  The additional vehicle expenses of $6,978 included petitioners' claim of some of the actual expenses of Mr. Hwynn's vehicle.

Petitioners also claimed on their 2004 return a $3,051 deduction for unreimbursed employee business expenses of Ms. Hwynn, reporting that she incurred those expenses while working as a registered nurse.  Petitioners now seek to deduct an additional $4,808 of such expenses.  The specifics of these expenses are as follows:

|  | Reported Expenses | Additional Expenses |
|---|---|---|
| Vehicle | $1,125 | $1,232 |
| Travel | 35 | 415 |
| Business | 1,516 | 1,590 |
| Meals and entertainment | 375 | 1,571 |
| Total | 3,051 | 4,808 |

Petitioners computed the $1,125 of vehicle expenses by multiplying the applicable standard mileage rate of 37.5 cents by 3,000 business miles reportedly driven by Ms. Hwynn during 2004. The additional vehicle expenses of $1,232 included petitioners' claim of some of the actual expenses of Ms. Hwynn's vehicle.

Respondent concedes that petitioners may deduct $1,063 of the unreimbursed employee business expenses relating to Mr. Hwynn. The $1,063 relates entirely to Mr. Hwynn's use of his vehicle. Respondent also concedes that petitioners may deduct $1,337 of the unreimbursed employee business expenses relating to Ms. Hwynn. The $1,337 is attributable to the individual expenses as follows: $986 for vehicle, $35 for travel, and $316 for business.

### C. Loss From Appworks

Petitioners claimed on their 2004 return a deduction for a $15,968 loss passed through to them from Appworks. Respondent determined that petitioners were not entitled to deduct any of this loss because they failed to establish either of their stock bases in Appworks.

## IV. Petitioners' 2005 Federal Income Tax Return

### A. Mr. Hwynn's Services for Appworks

During 2005, Appworks paid Mr. Hwynn $5,000 for his services. Petitioners reported on their 2005 return that Mr. Hwynn received the $5,000 as a self-employed individual (independent contractor). Petitioners claimed deductions

totaling $12,378 for Mr. Hwynn's self-employment expenses relating to the reported business.

Respondent determined that Mr. Hwynn received the $5,000 as an employee of Appworks and that petitioners were not entitled to deduct any of the $12,378 as a self-employment expense. Respondent also determined that petitioners could not deduct any of the $12,378 as a different type of expense (e.g., an unreimbursed employee business expense) because petitioners lacked substantiation as to the amount.

B.  Unreimbursed Employee Business Expenses

Petitioners claimed on their 2005 return a $15,498 deduction for unreimbursed employee business expenses of Ms. Hwynn, reporting that she incurred those expenses while working as a registered nurse.  Petitioners now seek to deduct an additional $37,190 of such expenses.  The specifics of these expenses are as follows:

|  | Reported Expenses | Additional Expenses |
| --- | --- | --- |
| Vehicle | $1,213 | $7,984 |
| Parking fees and tolls | 415 | 524 |
| Travel | 3,500 | 3,740 |
| Business | 9,370 | 22,122 |
| Meals and entertainment | 1,000 | 2,820 |
| Total | 15,498 | 37,190 |

Petitioners computed the $1,213 of vehicle expenses by multiplying the applicable standard mileage rate of 48.5 cents by 2,500 business miles reportedly driven by Ms. Hwynn during 2005. The additional vehicle expenses of $7,984 included petitioners' claim of some of the actual expenses of Ms. Hwynn's vehicle.

Respondent concedes that petitioners may deduct $3,140 of the unreimbursed employee business expenses. That amount is attributable to the individual expenses as follows: $1,213 for vehicle, $203 for parking, and $1,724 for business.

C. Loss From Appworks

Petitioners also claimed on their 2005 return a deduction for a $7,309 loss passed through to them from Appworks. Respondent determined that petitioners were not entitled to deduct any of this loss because they had failed to establish either of their stock bases in Appworks.

Discussion

I. Income Tax Deficiencies

A. Burden of Proof

As to the income tax deficiencies, petitioners bear the burden of proving that respondent's determinations set forth in the notice of deficiency are incorrect. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). While section 7491(a) sometimes shifts the burden of proof to the Commissioner, that section is not applicable where, as here, petitioners have failed to satisfy the recordkeeping and substantiation requirements of the Code. See sec. 7491(a)(2)(A) and (B).

B. Unreimbursed Employee Business Expenses

Petitioners seek to deduct unreimbursed employee business expenses in amounts greater than those respondent allowed. They have not, however, proven that they are entitled to do so. Petitioners provided the Court with various receipts, credit card

invoices, and other documents in an attempt to meet their burden of proof. Those documents, however, establish that many of the deductions petitioners claimed are simply their personal, living, or family expenses.[2] An individual generally may not deduct his or her personal, living, or family expenses, sec. 262(a), and we conclude that no exception to this general rule applies to the facts at hand. Nor have petitioners established their entitlement to deduct any of the remaining expenses. Among other things, petitioners have met neither the substantiation nor the recordkeeping requirements that apply to those expenses.[3] See sec. 6001 (providing that taxpayers must keep sufficient records to substantiate any deduction that would otherwise be allowed by the Code); see also sec. 274(d) (providing that an individual may not deduct a travel, entertainment, or vehicle expense unless he or she meets the strict substantiation requirements of that section). We sustain respondent's determination as to this issue, as adjusted by his concessions.

---

[2]In fact, Mr. Hwynn admitted during his direct testimony that he caused Appworks to pay most of petitioners' living expenses, including their rent, meals, and vehicle expenses.

[3]Petitioners also seek to deduct their payment of parking tickets and similar citations. Such expenses are fines or penalties that are nondeductible, even if related to Appworks's business. See sec. 162(f). We also note that petitioners (as they conceded at trial) are not entitled to deduct the actual operating expenses of their vehicles (e.g., gas, repairs) in that they reported those expenses using the applicable standard mileage rates.

C.  Passthrough Losses

Respondent disallowed petitioners' deduction of the losses passed through to them from Appworks because petitioners failed to establish that either petitioner had any basis in Appworks.  A shareholder may not deduct a loss passed through to him or her from an S corporation to the extent that the loss exceeds the sum of the shareholder's adjusted basis in his or her stock in the S corporation, plus the shareholder's adjusted basis of any debt that the S corporation owes to the shareholder.  See sec. 1366(d)(1).  Petitioners have not produced any evidence that would establish the requisite bases.  We sustain respondent's disallowance of the reported passthrough losses.

D.  Status as Employee or Independent Contractor

For 2005, respondent determined that Mr. Hwynn was an employee of Appworks.  Thus, respondent determined, the $5,000 that Mr. Hwynn received from Appworks was taxable to him as wages and petitioners were not entitled to deduct any expense related to Mr. Hwynn's work for Appworks as a self-employment expense. We agree with these determinations.  An officer such as Mr. Hwynn who performs substantial services for a corporation and who receives remuneration in any form for those services is considered to be an employee of that corporation.  See sec. 3121(d)(1); Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 104 (2003), affd. 425 F.3d 1203 (9th Cir. 2005).  We sustain respondent's determination that Mr. Hwynn was an employee of Appworks and that petitioners are not entitled to deduct any

of the $12,378 as a self-employment expense.  We further hold for reasons similar to those discussed above as to the unreimbursed employee business expenses that petitioners are not entitled to deduct any of the $12,378.

## II. Accuracy-Related Penalties

Respondent determined that petitioners are liable for accuracy-related penalties under section 6662(a) and by way of an amendment to answer increased the accuracy-related penalty for 2004 by $195.  Respondent clarifies in his pretrial memorandum that the accuracy-related penalty applies to both years because of a substantial understatement of income tax in each year.

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty for any portion of an underpayment that is attributable to a substantial understatement of income tax. An understatement of income tax is the excess of the amount of income tax required to be shown on the return for the taxable year over the amount of income tax imposed that is shown on the return, reduced by any rebate.  See sec. 6662(d)(2)(A).  An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or, in the case of an individual, $5,000.  See sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency.  See sec. 7491(c).  That burden requires that the Commissioner produce sufficient evidence that it is

appropriate to impose an accuracy-related penalty.  Once he has met his burden, the burden of proof is upon the taxpayer to prove that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like.  See secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, 116 T.C. 438, 449 (2001).  As to respondent's allegation of a $195 increase in the accuracy-related penalty for 2004, respondent bears the burden of proof as to that amount.  See Rule 142(a)(1).

Respondent argues that he has met his burdens through the inclusion in evidence of the notice of deficiency.  We disagree.  Petitioners' understatement for each year may be substantial only if it exceeds $5,000.  See sec. 6662(d)(1)(A).  The notice of deficiency determined the 2004 deficiency as $4,038 and the 2005 deficiency as $4,890.  While respondent now asserts that the deficiency for 2004 is actually $5,013 on account of his amendment to answer, we do not believe that respondent's amending of his answer validates his earlier determination in the notice of deficiency that the accuracy-related penalty is appropriate.  We do not sustain respondent's determination as to the accuracy-related penalty for either year.

Decision will be entered

under Rule 155.