**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HAIDEE JOY,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent - Appellee.

No. 08-75009

Tax Ct. No. 878-07L

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Haidee Joy appeals pro se from the Tax Court's decision after a trial

upholding the IRS Office of Appeals' determination sustaining a tax lien for her

unpaid federal income taxes for years 1992, 1993, and 1995. She also appeals

from the Tax Court's decision dismissing for lack of jurisdiction her challenges

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

concerning years 1987 through 1990, and concerning the proposed levy action for years 1992, 1993, and 1995. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions and for clear error its factual findings. *Charlotte's Office Boutique, Inc. v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir. 2005). We affirm.

The Tax Court properly granted the Commissioner of Internal Revenue's motion to dismiss for lack of jurisdiction as to Joy's challenges concerning years 1987 through 1990, because there was no notice of determination for these years. *See* 26 U.S.C. §§ 6320(c), 6330(d)(1); T.C. R. 330(b). The Tax Court also properly granted the Commissioner's motion to dismiss for lack of jurisdiction as to Joy's challenges to the proposed levy action for years 1992, 1993, and 1995, because the Office of Appeals' decision addressing the equivalent hearing was not appealable. *See* Treas. Reg. § 301.6330-1(i)(2) Q&A I6.

Contrary to Joy's contention, the statute of limitations did not bar collection of the unpaid tax liabilities for years 1992, 1993, and 1995, because Joy agreed to extend the statute of limitations in conjunction with the execution of an installment agreement. *See* 26 U.S.C. § 6502(a)(2)(A). Further, the Tax Court did not clearly err by finding that the tax liabilities were individual income tax liabilities rather than employer tax liabilities, as reflected in the Form 900 Waiver that Joy signed,

and Joy failed to present any contrary evidence.

We do not consider issues that Joy failed to raise in the collection due process hearing. *See* Treas. Reg. § 301.6330-1(f)(2) Q&A F3.

**AFFIRMED.**