**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILLIAM ZEPEDA, | No. 13-71452 |
| Petitioner - Appellant, | Tax Ct. No. 9552-11 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

William Zepeda appeals pro se from the Tax Court's order and decision

granting the Commissioner's motion for entry of decision regarding a federal tax

lien. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo.

*Charlotte's Office Boutique, Inc. v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir. 2005).

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The Tax Court properly granted the Commissioner's motion for entry of decision, sustaining in part a federal tax lien regarding tax liability for the years 2005 and 2006, because Zepeda failed to raise the underlying tax liability in a collection due process ("CDP") hearing. *See* Treas. Reg. § 301.6330-1(f)(2) Q & A F3 (when a taxpayer disagrees with a notice of determination, the taxpayer may ask the Tax Court to consider the issues that were properly raised in the CDP hearing); *Giamelli v. Comm'r*, 129 T.C. 107, 115 (2007) (Tax Court does not have authority to consider challenges to underlying tax liability that were not properly raised before the appeals office).

We reject Zepeda's contentions that the Tax Court erred by sustaining the notice of determination or improperly denied him a trial.

The Commissioner's motion for an exemption, filed October 19, 2015, is granted.

**AFFIRMED.**