**Peter T. STORAASLI, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 05–76832.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

As Amended Nov. 7, 2006.

Peter T. Storaasli, Woodinville, WA, pro se.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable

Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Richard Farber, Esq., Anthony T. Sheehan, Esq., Eileen J. O'Connor, Esq., U.S. Department of Justice, Tax Division, Robert R. Di Trolio, Washington, DC, for Respondent–Appellee.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM**

Peter T. Storaasli appeals pro se from the Tax Court's decision, entered after trial, in his action contesting deficiencies associated with the sale of real property in tax years 1996 and 1999. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review a Tax Court's findings of fact for clear error and its legal conclusions de novo. *Charlotte's Office Boutique, Inc. v. Comm'r*, 425 F.3d 1203, 1211 (9th Cir. 2005). We affirm.

We uphold the Tax Court's determination of Storaasli's tax liabilities related to capital gains Storaasli realized from the sale of real property because he did not demonstrate that he is entitled to offset those gains. *See* 26 U.S.C. § 61(a)(3) (defining gross income as "all income from whatever source derived" including "[g]ains derived from dealings in property"); 26 U.S.C. § 1001 (permitting the gain from the sale of property to be reduced by certain expenses associated therewith); *see also Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212 (1933) (holding that taxpayer has the burden of proving any adjustments).

Storaasli's remaining contentions are unpersuasive.

We deny the Commissioner's motion for sanctions.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

