T.C. Memo. 2010-99

UNITED STATES TAX COURT

PETER STORAASLI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17707-07.                    Filed May 6, 2010.

Peter Storaasli, pro se.

<u>Robert V. Boeshaar</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision
are whether petitioner is liable for income tax deficiencies and

for additions to tax pursuant to sections 6651(f) and (a)(2)[1] and 6654(a) relating to 2000, 2001, 2002, 2003, and 2004.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. At all relevant times, petitioner worked as a real estate agent and resided with his wife in the State of Washington. In 2000, 2001, 2002, 2003, and 2004 (years in issue), petitioner provided services to Windermere Real Estate/SBA, Inc. (Windermere), and was paid $82,669, $108,952, $120,311, $219,575, and $130,907, respectively, for these services. At petitioner's request Windermere paid petitioner for his services by issuing checks payable to trust entities petitioner owned. These checks were deposited into a bank account over which petitioner had signature authority and were subsequently transferred to petitioner's personal bank account. Neither petitioner nor the trusts filed returns relating to these payments.

Petitioner, in 2002, 2003, and 2004, received dividend and capital gain income, and in 2004 he received cancellation of indebtedness income. In addition, in 2000, 2001, and 2002 petitioner's wife received self-employment income, and in 2003

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and 2004 she received wages.[2] Petitioner did not file Federal income tax returns and did not pay estimated taxes relating to the years in issue.

Respondent assigned Revenue Agent Sue Ann Besson to examine petitioner's case. During the course of Ms. Besson's examination, petitioner was uncooperative and evasive. Ms. Besson made numerous attempts to meet with petitioner and to personally serve a summons on him but was unsuccessful. Using a bank deposits analysis and information obtained from Windermere and other third parties, Ms. Besson made adjustments to petitioner's income relating to the years in issue.

On May 10, 2007, respondent issued petitioner a notice of deficiency relating to the years in issue and determined the following income tax deficiencies and additions to tax:

| Year | Deficiency | Additions to Tax | | |
|------|-----------|------------------|---|---|
| | | Sec. 6651(a)(2) | Sec. 6651(f) | Sec. 6654(a) |
| 2000 | $17,808 | $4,452 | $12,911 | $951 |
| 2001 | 21,540 | 5,385 | 15,617 | 861 |
| 2002 | 29,365 | [1] | 21,290 | 981 |
| 2003 | 125,151 | [1] | 90,734 | 3,275 |
| 2004 | 26,541 | [1] | 19,242 | 770 |

[1]The amount of any addition to tax pursuant to sec. 6651(a)(2) shall be determined pursuant to sec. 6651(a)(2), (b), and (c).

_____

[2]Washington is a community property State in which each taxpayer spouse is treated as owning an undivided one-half interest in the income earned by each spouse during marriage and is liable for income tax on that one-half. See Poe v. Seaborn, 282 U.S. 101 (1930).

On August 8, 2007, petitioner, while residing in the State of Washington, filed his petition with the Court.

OPINION

The parties stipulated that petitioner received income, failed to file tax returns, and failed to pay estimated taxes relating to the years in issue.  Petitioner nevertheless contends that he is not required by law to file tax returns and that he is not legally required to pay taxes.[3]  Such contentions are meritless.  Accordingly, we sustain respondent's determinations with respect to the income tax deficiencies.

Respondent also determined and established that petitioner is liable for additions to tax pursuant to section 6651(f) for fraudulent failure to file tax returns relating to the years in issue.  See sec. 7454(a); Rule 142(b); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Clayton v. Commissioner, 102 T.C. 632, 646-647, 652-653 (1994); Petzoldt v. Commissioner, 92 T.C. 661, 700-701 (1989).  The parties stipulated that petitioner failed to file tax returns and failed to make estimated tax payments relating to the years in issue.  Petitioner used trusts to divert and conceal the receipt of income and was evasive during examination.  In addition, petitioner did not have a good faith belief that he was exempt

_____

[3]Sec. 7491(a) is inapplicable because petitioner failed to introduce credible evidence within the meaning of sec. 7491(a)(1).

from filing. See <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 217-219 (1992). Accordingly, we sustain respondent's determinations relating to the section 6651(f) additions to tax.

Respondent further determined that petitioner is liable for section 6651(a)(2) additions to tax for failure to pay the amount of tax shown on his returns and section 6654(a) additions to tax for failure to pay estimated income taxes relating to the years in issue. With respect to the section 6651(a)(2) additions to tax, respondent bears, but has failed to meet, the burden of production pursuant to section 7491(c). See Rule 142(a); <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). Respondent failed to establish that a return or a substitute for return showing petitioner's tax liability was filed for any of the years in issue. See sec. 6651(g)(2); <u>Wheeler v. Commissioner</u>, <u>supra</u>. Accordingly, petitioner is not liable for the section 6651(a)(2) additions to tax.

With respect to the section 6654(a) additions to tax, respondent bears, and has met, the burden of production pursuant to section 7491(c). See sec. 6654(d)(1)(B); Rule 142(a). Petitioner failed to make any estimated tax payments relating to the years in issue and does not meet any of the exceptions enumerated in section 6654(e). Therefore, we sustain respondent's determinations relating to the section 6654(a)

additions to tax.  See <u>Wheeler v. Commissioner</u>, <u>supra</u> at 210-211;
<u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.