T.C. Memo. 2010-205

UNITED STATES TAX COURT

RI UNLIMITED, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13601-07.          Filed September 22, 2010.

<u>Dennis N. Brager</u>, <u>Howard C. Rosenblatt</u>, <u>John O. Kent</u>, and
<u>Roger C. Glienke</u>, for petitioner.

<u>Nathan C. Johnston</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This case is before the Court on
petitioner's motion for recovery of reasonable litigation costs
filed pursuant to section 7430 and Rule 231.[1]  Petitioner's

_____

[1]Unless otherwise indicated, all section references are to
                                             (continued...)

principal place of business was in Minnesota when its petition was filed.

On July 15, 2009, we filed the parties' stipulation of settled issues and petitioner's motion for reasonable litigation costs. On September 14, 2009, we filed respondent's opposition to petitioner's motion. On October 14, 2009, we filed petitioner's reply to respondent's opposition. The parties have not requested a hearing, and we conclude that a hearing is not necessary to decide this motion. See Rule 232(a)(2).

After concessions,[2] the issues for decision are: (1) Whether respondent's position in the court proceeding was substantially justified, (2) whether petitioner unreasonably protracted the court proceeding, and (3) whether the litigation costs petitioner claims are reasonable.

### Background

The following facts are based on the entire record, which includes the declarations and exhibits submitted by the parties

---

[1](...continued)
the Internal Revenue Code in effect at the time petitioner filed its petition or incurred its litigation costs, as appropriate, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent concedes that petitioner meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (2006), that petitioner exhausted all administrative remedies available within the Internal Revenue Service (IRS), and that petitioner substantially prevailed with respect to the amount in controversy.

with respect to the motion for reasonable litigation costs, the parties' pleadings, the stipulation of settled issues, various other motions, and supporting documents.

Petitioner's Business

Petitioner, which was incorporated in 1998,[3] provides medical transcription services to medical service providers. To carry out its business, petitioner hires home-based medical transcriptionists to type medical documents from medical dictation files.

The medical transcriptionists decide when and how often to work, pay all expenses incurred in the business (e.g., the costs of maintaining a home office, a personal computer, medical reference texts, and Internet service), and are paid per line of completed transcription. Petitioner's medical transcriptionists are required to complete each assignment within 10 hours. Transcripts received after the 10-hour deadline are paid at only one-half of the medical transcriptionist's agreed-upon rate; transcripts that contain spelling errors are considered incomplete and are not paid at all. Petitioner treated the medical transcriptionists as independent contractors for Federal employment tax purposes for every taxable period during the calendar years 2000 through 2003.

---

[3]Petitioner elected S corporation status as of Dec. 31, 1998.

Petitioner's Employment Tax Examination

In 2004 respondent began an employment tax examination of petitioner for all four quarters of calendar years 2000 through 2003. One of the issues in the examination was whether petitioner's medical transcriptionists were properly characterized as independent contractors or as employees. Petitioner cooperated with the examination, and petitioner's then counsel, Michael P. Kennedy (Mr. Kennedy), provided documents and information to respondent's auditor, Mike Boeckmann (Mr. Boeckmann). Among the documents Mr. Kennedy provided were petitioner's completed Form SS-8, Determination of Worker Status for Purposes of Federal Employment Taxes and Income Tax Withholding, copies of petitioner's Independent Contractor Agreement (ICA), and copies of the confidentiality agreement petitioner required its medical transcriptionists to sign. Mr. Boeckmann also conducted interviews in connection with the examination, but it is not clear whom he interviewed.

After reviewing the materials petitioner provided, Mr. Boeckmann determined that petitioner's medical transcriptionists were employees for purposes of the Federal Insurance Contributions Act (FICA), sections 3101-3128 as in effect for the years in issue. Specifically, Mr. Boeckmann concluded the medical transcriptionists were not employees under the common law rules but should be treated as statutory home workers pursuant to

section 3121(d)(3)(C).  Mr. Boeckmann explained his conclusions in Form 4666, Summary of Employment Tax Examination, Form 4668, Employment Tax Examination Changes Report, and Form 886-A, Explanation of Items, which he provided to petitioner.  None of the forms addressed whether petitioner was entitled to relief under the Revenue Act of 1978, Pub. L. 95-600, sec. 530, 92 Stat. 2885, as amended (act section 530),[4] and there is no indication in the record that Mr. Boeckmann considered whether petitioner was entitled to act section 530 relief.

On June 7, 2005, Mr. Kennedy sent a letter to Mr. Boeckmann disputing Mr. Boeckmann's conclusion that petitioner's medical transcriptionists were employees and asserting that petitioner was entitled to act section 530 relief.  They were unable to resolve their differences, and on August 12, 2005, Mr. Kennedy rejected a settlement offer and requested that Mr. Boeckmann transfer the matter to the IRS Office of Appeals.

---

[4]Act sec. 530, which is discussed in detail infra sec. III. B.1., generally provides that notwithstanding the actual relationship between a taxpayer and an individual providing services for such taxpayer, the taxpayer may treat the individual as an independent contractor for FICA tax purposes if:  (1) The taxpayer has never treated the individual as an employee for Federal employment tax purposes; (2) the taxpayer has filed all required tax returns consistent with such treatment; and (3) the taxpayer had a reasonable basis for treating the individual as an independent contractor.

Petitioner's Administrative Appeal

After petitioner's request, its case was transferred to the IRS Office of Appeals and assigned to Appeals Officer Orville Holland (Mr. Holland). On September 25, 2006, Mr. Kennedy signed Form SS-10, Consent to Extend the Time to Assess Employment Taxes. On October 11, 2006, Mr. Holland mailed to petitioner a Summary of Issues, which concluded, inter alia, that petitioner's medical transcriptionists were statutory home workers pursuant to section 3121(d)(3)(C) and that petitioner was not entitled to act section 530 relief because it had not established that it reasonably relied on one of the act section 530 safe harbors or had any other reasonable basis for treating its medical transcriptionists as independent contractors.

Petitioner's case was subsequently transferred to Appeals Officer Catherine Folkerth (Ms. Folkerth), and on February 16, 2007, Ms. Folkerth proposed to settle the case pursuant to respondent's Classification Settlement Program. Ms. Folkerth offered to concede all of the tax proposed for 2000, 2001, and 2002 and 75 percent of the tax proposed for 2003. In exchange, Ms. Folkerth proposed that petitioner begin treating its medical transcriptionists as employees beginning on July 1, 2007. Petitioner rejected the settlement offer, and on March 12, 2007, Ms. Folkerth issued a Notice of Determination of Worker Classification (notice of determination) which determined that

(1) petitioner's medical transcriptionists were employees for Federal employment tax purposes, (2) petitioner was not entitled to act section 530 relief, and (3) petitioner owed employment tax of $477,617.74.

The Tax Court Proceeding

On June 14, 2007, we received and filed petitioner's Petition for Redetermination of Employment Status Under Code Section 7436. The petition asserted, in relevant part, that respondent erred in his determinations that (1) petitioner's medical transcriptionists were employees, (2) petitioner was not entitled to act section 530 relief; and (3) petitioner owed additional employment taxes for all four quarters of calendar years 2000 through 2003. On July 17, 2007, we received and filed respondent's Answer to Petition for Redetermination of Employment Status Under Code Section 7436. The answer stated, in relevant part, that (1) petitioner's medical transcriptionists were properly classified as employees pursuant to section 3121(d)(3)(C), (2) petitioner was not entitled to relief under act section 530, and (3) the amount of employment tax liability determined in the notice of determination was correct.

On July 20, 2007, respondent mailed a letter to petitioner's counsel scheduling a pretrial conference for August 21, 2007, and requesting documents and information relating to petitioner's business, petitioner's relationship with the medical

transcriptionists, and petitioner's tax filings. Respondent specifically requested "Any evidence of the safe harbor provisions of section 530 that petitioner intends to rely upon." On or about July 25, 2007, petitioner's counsel responded that he would be unable to attend a pretrial conference on August 21, 2007, because, among other reasons, he needed more time to obtain the documents respondent had requested. Respondent rescheduled the conference for September 11, 2007, but petitioner's counsel ultimately canceled that conference, as well as a later pretrial conference. The parties never held a pretrial conference, and respondent was unable to obtain the information he sought through informal measures.

Respondent served on petitioner interrogatories, a request for admissions, and a request for production of documents. On August 4, 2008, petitioner's counsel served on respondent responses to respondent's interrogatories, request for admissions, and request for production of documents. In a letter accompanying the responses to discovery, petitioner asserted that even if its medical transcriptionists were employees for FICA tax purposes, it was entitled to act section 530 relief. Petitioner enclosed the declarations of three individuals--Ellen Drake, Jay Vance, and Toni Ranieri--each of whom had many years of experience in the medical transcription services industry, and a fourth individual--Gary David--who had completed an academic

study of the industry.  Each of the declarants stated that substantially more than 25 percent of the firms in the medical transcription services industry treated their medical transcriptionists as independent contractors for FICA tax purposes.

On October 1, 2008, petitioner provided additional documents--including the declarations of Quentin Irey (Mr. Irey), an officer and shareholder of petitioner, and Mr. Kennedy--in support of its contention that it qualified for act section 530 relief.  After reviewing the declarations, respondent sought permission to interview Mr. Irey to determine whether he had relied on Mr. Kennedy's advice in treating the medical transcriptionists as independent contractors and to gauge his credibility as a witness.  Petitioner agreed to the request, and the interview was held on December 12, 2008.

On January 28, 2009, respondent informed petitioner that he would fully concede the case on the basis of act section 530, on the ground that petitioner reasonably relied on the advice of an attorney in deciding to treat its medical transcriptionists as independent contractors.  On July 15, 2009, we filed the parties' stipulation of settled issues, which stated that petitioner had no Federal employment tax liability for the tax periods at issue and disposed of all issues in the case except petitioner's motion

for litigation costs, which petitioner filed concurrently therewith.

## Discussion

I.   Section 7430

A.   General Provisions

Section 7430(a) authorizes the award of reasonable litigation costs to the prevailing party in a court proceeding brought by or against the United States in connection with the determination of any tax.  See Corson v. Commissioner, 123 T.C. 202, 205 (2004).  In addition to being the prevailing party, to receive an award of reasonable litigation costs a taxpayer must have exhausted all administrative remedies available within the IRS and must not have unreasonably protracted the court proceeding.  Sec. 7430(b)(1), (3); Corson v. Commissioner, supra at 205.  We do not award costs unless a taxpayer satisfies all of the section 7430 requirements.  Corson v. Commissioner, supra at 205-206 (citing Minahan v. Commissioner, 88 T.C. 492, 497 (1987)).

A taxpayer is the prevailing party if (1) the taxpayer substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues, (2) the taxpayer meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (2006), and (3) the Commissioner's position in the court proceeding was not substantially justified.  Sec. 7430(c)(4)(A)

and (B)(i); see also sec. 301.7430-5(a), Proced. & Admin. Regs. As noted above, respondent concedes that petitioner substantially prevailed with respect to the amount in controversy and meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B). Respondent contends, however, that his position in the court proceeding was substantially justified. Respondent bears the burden of proof with respect to this issue. Sec. 7430(c)(4)(B)(i); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 440-441 (1997).

B.    Substantial Justification

For purposes of section 7430, the Commissioner's position in the court proceeding generally is the position set forth in the Commissioner's answer to the taxpayer's petition. Sec. 7430(c)(7)(A); Maggie Mgmt. Co. v. Commissioner, supra at 442. The Commissioner's position is substantially justified if it has a reasonable basis in both fact and law. Corson v. Commissioner, supra at 206; Maggie Mgmt. Co. v. Commissioner, supra at 443. The reasonableness of the Commissioner's position is determined on the basis of the available facts that formed the basis for the position, as well as the controlling law. Maggie Mgmt. Co. v. Commissioner, supra at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). Thus, a position that was reasonable when established may become unreasonable in the light of changed circumstances. See sec. 301.7430-5(c)(2), Proced. & Admin. Regs.

The fact that the Commissioner ultimately concedes an issue does not necessarily establish that the Commissioner's position with respect to that issue was not substantially justified, but it is a factor to be considered. Maggie Mgmt. Co. v. Commissioner, supra at 443. There is a rebuttable presumption that the Commissioner's position was not substantially justified if the IRS did not follow applicable published guidance in the administrative proceeding. Sec. 7430(c)(4)(B)(ii). Applicable published guidance is defined as regulations, revenue rulings, revenue procedures, information releases, notices, announcements, private letter rulings, technical advice memoranda, and determination letters issued to taxpayers. Sec. 7430(c)(4)(B)(iv).

II. The Parties' Arguments

Petitioner contends that respondent's position in the court proceeding was not substantially justified because petitioner's medical transcriptionists could not have been statutory home workers pursuant to section 3121(d)(3)(C). Indeed, petitioner argues that respondent's position should be presumed to be not substantially justified because respondent failed to follow applicable published guidance with respect to the classification of the medical transcriptionists. Moreover, petitioner contends that respondent's position that petitioner did not qualify for act section 530 relief lacked a reasonable basis in fact or law.

Alternatively, petitioner argues it is entitled to recover its litigation costs incurred after August 4, 2008--the date petitioner provided respondent with evidence that it qualified for one of the act section 530 safe harbors.

Respondent counters that his position that petitioner's medical transcriptionists were statutory home workers was substantially justified because it had a reasonable basis in fact and in law. With respect to act section 530 relief, respondent asserts that petitioner has never established a prima facie case that it qualifies for any of the act section 530 safe harbors. Finally, respondent argues that petitioner unreasonably protracted the court proceeding and that the costs petitioner claims are not reasonable.

III. The Dispute:  Employee Versus Independent Contractor

A.    Section 3121(d)(3)(C)

Section 3111 imposes on employers a FICA tax that is based on the wages paid to employees. For purposes of section 3111 the term "employee" is defined in section 3121(d), which provides in relevant part:

SEC. 3121. DEFINITIONS.

(d) Employee.--For purposes of this chapter, the term "employee" means--

*    *    *    *    *    *    *

(3) any individual (other than an individual who is an employee under paragraph (1) or (2)) who

performs services for remuneration for any
person--

*    *    *    *    *    *    *

(C) as a home worker performing work,
according to specifications furnished by the
person for whom the services are performed,
on materials or goods furnished by such
person which are required to be returned to
such person or a person designated by him; or

*    *    *    *    *    *    *

if the contract of service contemplates that
substantially all of such services are to be
performed personally by such individual; except
that an individual shall not be included in the
term "employee" under the provisions of this
paragraph if such individual has a substantial
investment in facilities used in connection with
the performance of such services (other than in
facilities for transportation), or if the services
are in the nature of a single transaction not part
of a continuing relationship with the person for
whom the services are performed * * *

The regulations provide additional guidance with respect to
the requirements listed in the flush language of section 3121(d).
Specifically, section 31.3121(d)-1(d)(4)(i), Employment Tax
Regs., provides:

The fact that an individual falls within one of the
enumerated occupational groups, however, does not make
such individual an employee under this paragraph unless
(a) the contract of service contemplates that
substantially all the services to which the contract
relates * * * are to be performed personally by such
individual, (b) such individual has no substantial
investment in the facilities used in connection with
the performance of such services * * * and (c) such
services are part of a continuing relationship with the
person for whom the services are performed and are not
in the nature of a single transaction.

Section 31.3121(d)-1(d)(4)(ii), Employment Tax Regs., provides that the requirement in section 3121(d) that substantially all services be performed personally means that "it is not contemplated that any material part of the services to which the contract relates * * * will be delegated to any other person by the individual who undertakes under the contract to perform such services."

Petitioner argues that its medical transcriptionists could not have been statutory home workers because (1) the medical transcriptionists had the right to delegate (and in some cases did delegate) work to subcontractors, (2) the medical transcriptionists had a substantial investment in the facilities used in connection with the work (e.g., personal computers, medical reference materials, and Internet service), and (3) some of the medical transcriptionists did not have a continuing relationship with petitioner.[5] Respondent counters that his position in the court proceeding was substantially justified because it had a reasonable basis in fact and in law. Because

---

[5]Petitioner argues that respondent's position should be presumed to be not substantially justified under sec. 7430(c)(4)(B)(ii) because respondent failed to follow sec. 3121(d)(3)(C) and sec. 31.3121(d)-1(d)(4)(ii), Employment Tax Regs. We disagree. Contrary to petitioner's assertion, the record does not demonstrate that respondent failed to follow sec. 3121(d)(3)(C) or sec. 31.3121(d)-1(d)(4)(ii), Employment Tax Regs. We note, however, that respondent bears the burden of establishing that his position with respect to the classification of petitioner's medical transcriptionists as statutory home workers was substantially justified. See sec. 7430(c)(4)(B)(i).

respondent's answer does not contain any significant analysis, we rely on the facts developed at the administrative level as the reasoning behind respondent's position. See Images in Motion of El Paso, Inc. v. Commissioner, T.C. Memo. 2006-19.

On the basis of his review of petitioner's Form SS-8, ICA, and confidentiality agreement, Mr. Boeckmann determined that petitioner contemplated that the medical transcriptionists would perform their work personally and that the work would be done as part of a continuing relationship between petitioner and the medical transcriptionists. Moreover, Mr. Boeckmann determined that petitioner's relationship with the medical transcriptionists was analogous to the relationships described in Rev. Rul. 70-340, 1970-1 C.B. 202, and Rev. Rul. 64-280, 1964-2 C.B. 384.[6] Mr. Holland reached the same conclusion on the basis of a similar analysis of the facts and the law applicable to petitioner. In addition Mr. Holland specifically concluded that the medical transcriptionists' investment in personal computers, specialized

---

[6]In Rev. Rul. 70-340, 1970-1 C.B. 202, the Commissioner determined that transcribers who worked from home, who set their own hours, and who paid all expenses incurred in the work were statutory home workers under sec. 3121(d)(3)(C). Similarly, in Rev. Rul. 64-280, 1964-2 C.B. 384, the Commissioner determined that a typist who worked from home, who set her own hours, and who furnished her own typewriter and office supplies was a statutory home worker under sec. 3121(d)(3)(C). The Commissioner further determined in Rev. Rul. 64-280, supra, that the typist's furnishing of a typewriter, office supplies, and office space in her home was not a substantial investment for purposes of sec. 3121(d)(3).

software, and medical reference materials was not a substantial investment for purposes of section 3121(d)(3). Respondent has never conceded that petitioner's medical transcriptionists are independent contractors but instead conceded the case on the basis of act section 530 relief.

Whether respondent properly classified petitioner's medical transcriptionists as statutory home workers is a close question, but we need not answer it. It is enough to note that respondent's position with respect to the classification of petitioner's medical transcriptionists had a reasonable basis in fact and in law. Accordingly, respondent has established that his position was substantially justified with respect to this issue.

B. Act Section 530 Relief

1. In General

In enumerated circumstances, act section 530 provides relief from employment taxes notwithstanding that the relationship between the taxpayer and the individual performing services would otherwise require payment of such taxes. See, e.g., Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 106 (2003), affd. 425 F.3d 1203 (9th Cir. 2005). A taxpayer is entitled to relief under act section 530 if it demonstrates: (1) It did not treat an individual as an employee for employment tax purposes for any period, (2) it filed all required Federal tax returns

consistent with its treatment of the individual, and (3) it had a reasonable basis for not treating the individual as an employee. Act sec. 530(a)(1) and (2); Images in Motion of El Paso, Inc. v. Commissioner, supra.  A taxpayer is deemed to have had a reasonable basis if the taxpayer establishes that its treatment of the individual was in reasonable reliance on:

    (A) judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer;

    (B) a past Internal Revenue Service audit of the taxpayer in which there was no assessment attributable to the treatment (for employment tax purposes) of the individuals holding positions substantially similar to the position held by this individual, or

    (C) long-standing recognized practice of a significant segment of the industry in which such individual was engaged.

Act sec. 530(a)(2).  With respect to the third enumerated safe harbor, act section 530(e)(2)(B) provides:  "in no event shall the significant segment requirement * * * be construed to require a reasonable showing of the practice of more than 25 percent of the industry (determined by not taking into account the taxpayer)".  Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1122, 110 Stat. 1766 (adding subsection (e) of act section 530).

    In addition to the specific safe harbors of act section 530(a)(2), a taxpayer is entitled to act section 530 relief if it can demonstrate any other reasonable basis for treating its

workers as independent contractors.  <u>Boles Trucking, Inc. v. United States</u>, 77 F.3d 236, 239 (8th Cir. 1996); <u>Images in Motion of El Paso, Inc. v. Commissioner</u>, <u>supra</u>; Rev. Proc. 85-18, sec. 3.01(C), 1985-1 C.B. 518, 518.  The reasonable basis inquiry is to be construed liberally in favor of the taxpayer.  <u>Images in Motion of El Paso, Inc. v. Commissioner</u>, <u>supra</u> (citing H. Rept. 95-1748, at 5 (1978), 1978-3 C.B. (Vol. 1) 629, 633).

In his answer respondent asserted that petitioner was not entitled to act section 530 relief.  In the Appeals Office's Summary of Issues, which represents the reasoning behind respondent's position, see <u>Images in Motion of El Paso, Inc. v. Commissioner</u>, <u>supra</u>, Mr. Holland concluded that petitioner did not treat any of its medical transcriptionists as employees for any period and that petitioner filed all tax returns consistent with such treatment but had not established reasonable reliance on any of the act section 530 safe harbors nor any other reasonable basis for act section 530 relief.

Petitioner argues that respondent's position was not substantially justified because on the date he took a position in the court proceeding, i.e., on July 17, 2007, the date respondent's answer was filed, respondent already had enough information to conclude that petitioner was entitled to act

section 530 relief.[7]  In the alternative, petitioner argues that respondent's position was not substantially justified after August 4, 2008, the date when petitioner responded to respondent's formal discovery requests.

If the taxpayer establishes a prima facie case that it is entitled to act section 530 relief and has complied with all reasonable requests from the Commissioner, act section 530(e)(4) shifts the burden of proof to the Commissioner to demonstrate that the taxpayer is not entitled to act section 530 relief.  On the date respondent first took a position in the court proceeding with respect to act section 530 relief, petitioner had not established a prima facie case that it was entitled to such relief.  Indeed, there is no credible evidence in the record as of July 17, 2007, that petitioner qualified for any of the act section 530 safe harbors or had any other reasonable basis for

_____

[7]Petitioner argues that under sec. 7430(c)(4)(B)(ii), respondent's position in the court proceeding should be presumed to be not substantially justified because respondent failed to follow applicable published guidance in the administrative proceeding.  Specifically, petitioner asserts that respondent failed to notify it in writing of the provisions of act sec. 530 at the beginning of the audit, as required by act sec. 530(e)(1).  See Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1122, 110 Stat. 1766 (adding subsec. (e) of act sec. 530).  Regardless of the presumption, however, petitioner bears the ultimate burden of demonstrating its entitlement to act sec. 530 relief, except as provided in act sec. 530(e)(4).  Thus, petitioner may not recover litigation costs incurred with respect to respondent's position that petitioner was not entitled to act sec. 530 relief before the date when petitioner demonstrated a prima facie case that it was in fact entitled to such relief.

act section 530 relief. Accordingly, when respondent first took a position regarding petitioner's entitlement to act section 530 relief, the position was justified.

However, a position that was reasonable when first taken may become unreasonable in the light of changed facts and circumstances. See sec. 301.7430-5(c)(2), Proced. & Admin. Regs. Respondent's position that petitioner was not entitled to act section 530 relief became unreasonable on August 4, 2008, when petitioner responded to respondent's requests for formal discovery. Petitioner's responses--specifically, the declarations of four individuals stating that substantially more than 25 percent of the firms in the medical transcription services industry treated their medical transcriptionists as independent contractors for FICA tax purposes--established a prima facie case that petitioner was entitled to act section 530 relief, see act sec. 530(a)(2)(C), thus shifting the burden of proof to respondent to demonstrate that petitioner was not entitled to relief.

Respondent argues that petitioner never established a prima facie case because the declarations submitted on August 4, 2008, merely reflect the personal experiences of the individual declarants. We disagree. While it is true that a taxpayer's personal experience, standing alone, is not evidence of the longstanding recognized practice of a significant segment of the

industry, <u>Day v. Commissioner</u>, T.C. Memo. 2000-375, the declarations of three individuals with decades of experience in the medical transcription industry,[8] plus a fourth individual who has studied the industry's practices, are evidence of a longstanding recognized practice of a significant segment of the industry. To hold otherwise would place an unreasonably high burden on taxpayers claiming relief under act section 530(a)(2)(C).

Respondent also argues that the declarations do not establish a prima facie case for act section 530 relief because petitioner did not actually rely on the individual declarants in deciding to treat its medical transcriptionists as independent contractors. Respondent's argument misreads the statute. Act section 530(a)(2)(C) does not require reliance on a particular individual; the safe harbor merely requires reliance on a "long-standing recognized practice of a significant segment of the industry in which the individual was engaged."

Finally, soon after reviewing the declarations and other materials petitioner submitted on August 4, 2008, respondent agreed to fully concede the case, albeit on the basis that petitioner relied on professional advice rather than on the basis

---

[8]On Aug. 4, 2008, declarant Ellen Drake had worked in the medical transcription industry for 39 years, Tony Ranieri had worked in the industry for 22 years, and Jay Vance had worked in the industry for 9 years.

of the act section 530(a)(2)(C) safe harbor.  Although respondent's concession does not establish that his position was not substantially justified, it is a factor to be considered. See Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 443.

To summarize, petitioner had the burden of establishing its entitlement to act section 530 relief.  Petitioner had not met the burden on July 17, 2007, the date respondent first took his position with respect to act section 530 relief in the court proceeding.  However, petitioner demonstrated a prima facie case for relief on August 4, 2008, thus shifting the burden of proof to respondent to establish that petitioner was not entitled to act section 530 relief.  See act sec. 530(e)(4).  Respondent failed to rebut the presumption.  Indeed, respondent failed to put forward any credible evidence that petitioner was not entitled to act section 530 relief on the basis of the documents and information petitioner provided on August 4, 2008.  As a result, respondent's position that petitioner was not entitled to act section 530 relief became substantially unjustified after August 4, 2008, insofar as it lacked a reasonable basis in fact or law, and petitioner is entitled to recover reasonable litigation costs incurred after that date.[9]

---

[9]Respondent did not offer any credible evidence to justify the time he took to concede that petitioner was entitled to act sec. 530 relief.  See Corkrey v. Commissioner, 115 T.C. 366, 375-376 (2000).  In a status report dated Oct. 6, 2008, respondent
(continued...)

IV.  **Whether Petitioner Unreasonably Protracted the Court
Proceedings**

Section 7430(b)(3) provides that no award for reasonable litigation costs may be made with respect to any portion of the court proceeding during which the prevailing party unreasonably protracted such proceeding.  The taxpayer bears the burden of proving that he or she did not unreasonably protract the court proceeding.  See Swanson v. Commissioner, 106 T.C. 76, 85 (1996); see also Rule 232(e).

Respondent contends that petitioner unreasonably protracted the court proceeding by repeatedly canceling pretrial conferences and failing to cooperate with respondent's informal requests for documents and information.  Because respondent's argument relates to the period before August 4, 2008, and we have already concluded that petitioner is not entitled to recover litigation costs incurred during that period, we conclude that respondent's argument is moot.

V.  **Whether the Costs Petitioner Claims Are Reasonable**

The final issue we must resolve is whether the litigation costs petitioner claims are reasonable.  For purposes of section 7430 reasonable litigation costs include reasonable court costs;

_____

[9](...continued)
asserted that petitioner did not meet the act sec. 530 requirements, and in a status report dated Dec. 2, 2009, respondent still did not concede that petitioner was entitled to act sec. 530 relief.

the reasonable expenses of expert witnesses in connection with the court proceeding; the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary to the party's case; and reasonable fees paid or incurred for the service of attorneys in connection with the court proceeding. Sec. 7430(c)(1). The statute provides that generally an award for attorney's fees shall not be in excess of $125 per hour, sec. 7430(c)(1)(B)(iii), but is adjusted annually for inflation. For 2008 and 2009, the limitations on attorney's fees awards are $170 and $180 per hour, respectively. Rev. Proc. 2007-66, sec. 3.39, 2007-2 C.B. 970, 976; Rev. Proc. 2008-66, sec. 3.38, 2008-45 I.R.B. 1107, 1114. Petitioner must establish the amount of its reasonable litigation costs. Sec. 7430(c); Cozean v. Commissioner, 109 T.C. 227, 230 (1997). The parties agree that petitioner incurred $22,547 in litigation costs after August 4, 2008.[10]

VI. Conclusion

To summarize, we award petitioner reasonable litigation costs incurred during the period after August 4, 2008, of $22,547. We have considered the remaining arguments of both

---

[10]Respondent argues that the costs associated with petitioner's responses to respondent's formal discovery requests are unreasonable in that they would have been unnecessary had petitioner responded to respondent's informal discovery requests. Because all costs associated with responding to formal discovery were incurred on or before Aug. 4, 2008, respondent's argument is moot.

parties for results contrary to those expressed herein, and to the extent not discussed above, we conclude such arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.